**Dated: August 19, 2008**
**The following is ORDERED:**



BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | |
| HERMESCH ENTITIES I, a/k/a<br>HERMESCH ENTITIES, INC., | Case No. 06-80342<br>Chapter 12 |
| DAVID E. HERMESCH and TAMMY K.<br>HERMESCH, | Case No. 06-80343<br>Chapter 12 |
| Debtors. | (Jointly Administered<br>Under Case No. 06-80342) |

## MEMORANDUM OPINION

Accidents happen. Many of these accidents result in damage to or even destruction of our property. If we are fortunate enough to have insurance on the property, our losses may be minimized. If the destroyed property is pledged as collateral to one of our creditors, the insurance proceeds go to pay the claim. Most creditors are content to get the insurance money and move on with their affairs. Such is not the case here. The question before the Court is whether a creditor who has paid the insurance premiums on its collateral is entitled to recover those premiums as an

administrative priority. On the facts before the Court, the answer is no. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1334(b).[1] Reference to the Court of this bankruptcy case is proper pursuant to 28 U.S.C.A. § 157(a). This is a core proceeding as contemplated by 28 U.S.C.A. § 157(b)(2)(B).

## Findings of Fact

Deere and Company ("Deere") is a creditor of Hermesch Entities I, David E. Hermesch and Tammy K. Hermesch (collectively "Debtors"). Deere and the Debtors entered into no less than eleven separate contracts for the sale of machinery. As part of each transaction, Deere took a security interest in the machinery that was sold to the Debtors. In addition, Deere purchased from Sentry Insurance lump-sum insurance policies on each item of equipment and included the insurance premiums in the amount financed under the terms of the contracts. The total price for all of the insurance purchased by Deere was $44,798.00. All of the insurance policies were purchased prior to June 7, 2006.

Debtors filed original cases under Chapter 12 of the United States Bankruptcy Code with this Court on June 7, 2006.[2] A Chapter 12 Plan (the "Plan") was confirmed in these cases on March 13,

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq*. (West 2008). All other references to federal statutes and rules are also to West 2008 publications.

[2] Two separate cases were filed, one for the corporation and one for the individuals. The cases were consolidated for administrative purposes by order entered on October 10, 2006. *See Docket No. 83*.

2

2007,[3] over Deere's objection. The Plan provided for Deere's claim based upon the value of the equipment securing Deere's claim, with no payment to Deere based upon Deere's payment of insurance premiums. Although Deere objected to the amount of its allowed secured claim under the Plan, it did <u>not</u> object to the Plan on the basis that it did not provide any payment to Deere based upon the prepaid insurance premiums.[4]

On August 17, 2007, one of the pieces of Deere's collateral, a Model 9950 Combine ("Combine") was destroyed. A claim was made upon the insurance policy that covered the Combine. Ultimately, Sentry Insurance paid the sum of $112,889.00 in full satisfaction of the claim (the "Proceeds"). All of the Proceeds were paid to Deere. Thereafter, Debtors moved to modify the Plan post-confirmation to reamortize the remaining amount of Deere's claim after application of the Proceeds.[5] Deere objected to the modification, arguing that the same constituted a breach of an agreement between Deere and the Debtors. As with the initial Plan, Deere did not object to the modification on the basis that it did not provide any payment to Deere based upon the prepaid insurance premiums.[6] After "a contentious and spirited evidentiary hearing," this Court, per the Honorable Tom R. Cornish, approved the Plan modification.[7]

On July 1, 2008, Deere filed its "Motion for Payment of Administrative Claim – Insurance

---

[3] *See Docket No. 226.*

[4] *See Docket No. 107*.

[5] *See Docket No. 291* for a summary of the changes sought by this motion to modify, all of which pertain to Deere.

[6] *See Docket No. 323*.

[7] *See Docket No. 353* at 2.

3

Premiums for Equipment" (the "Deere Motion").[8] Deere claimed that it should be entitled to recover the portion of the pre-paid insurance premiums which provided insurance protection for Deere's collateral after the bankruptcy case was filed. Of the $44,789.00 in insurance premiums, Deere calculates that $12,262.00 provided post-petition insurance coverage. Debtors do not take issue with Deere's calculations, but take strenuous issue with the notion that these payments should be given an administrative priority.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

**Conclusions of Law**

Deere relies upon § 503(b)(1)(A), which provides priority status for the "actual, necessary costs and expenses of preserving the estate." Deere argues that since the Debtors had the benefit of the insurance on the collateral during the pendency of their bankruptcy cases, and because Deere was forced to accept reamortization of its claim after receipt of the Proceeds, "any failures of reimbursement to Deere for its cost would result in an injustice to Deere."[9] The Court disagrees.

An administrative priority under § 503(b), when allowed, grants a creditor priority over all unsecured creditors, and often results in full or partial payment where otherwise a creditor would receive nothing. The granting of an administrative priority exists to "encourage post-petition dealings with the debtor."[10] As a general rule, administrative priorities should be narrowly

---

[8] *Docket No. 379.*

[9] *Docket No. 379* at 5.

[10] *In re Dayhuff*, 185 B.R. 971, 973 (Bankr. N.D. Ga. 1995).

4

construed.[11] The United States Court of Appeals for the Tenth Circuit has adopted a two-prong test to be used in determining whether an expense constitutes an administrative expense under § 503(b). Under the two-prong test the expense (1) must have arisen from a transaction with the estate, i.e., must be a post-petition transaction with either the debtor-in-possession or the bankruptcy trustee; and (2) the estate must have benefitted in some demonstrable way i.e., it must be necessary to preserve the estate.[12] The focus is upon whether the estate received a benefit, as opposed to whether the creditor might experience a loss.[13] Expenses which benefit only the creditor are not eligible for administrative priority status.[14]

Deere's claim fails both of the requirements of an administrative claim established in *Mid Region*. When it purchased the insurance, Deere did not engage in a post-petition transaction with either the Debtors or the Chapter 12 Trustee. The insurance was purchased before the bankruptcy cases were filed; that the loss occurred and the Proceeds were paid after the filing of Debtors' bankruptcy cases is irrelevant. The timing of the purchase of the insurance, standing alone, is sufficient to defeat Deere's quest for administrative priority. Granting Deere administrative priority status would do nothing to promote the policy of encouraging creditors to deal with debtors on a post-petition basis.[15] This Court is equally reluctant to find that the estate benefitted because Deere

---

[11] *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 866 (4th Cir. 1994).

[12] *See In re Mid Region Petroleum Inc*., 1 F.3d 1130, 1132-1133 (10th Cir. 1993) (citations omitted) (hereafter "*Mid Region*").

[13] *Id.* at 1132.

[14] *See In re Jartran, Inc.,* 886 F.2d 859, 871 (7th Cir. 1989).

[15] Indeed, a review of the docket sheet in this case reveals that Deere has taken issue with the reorganization of these Debtors at practically every turn.

5

received the Proceeds. Return of collateral (whether it be in the form of the collateral in its original form or in the form of insurance proceeds generated upon the loss of that collateral) is not the sort of event that was contemplated to be given administrative priority status under § 503(b)(1)(A). Deere has cited no authority to the Court that would support the granting of an administrative priority claim upon the facts of this case. It was Deere, and not the Debtors, that received the benefit of the insurance: every penny of the Proceeds was paid to Deere.

Were the Court to grant Deere the relief it seeks, it would allow Deere a claim in excess of its allowed secured claim under the Plan. Moreover, that claim would be given a priority over all unsecured creditors in the case. When considered in this light, the Deere Motion appears to be a collateral attack upon the orders confirming the Plan and approving its modification. Although Deere objected to the amount of its secured claim in its objection to confirmation, it did so upon the basis of the value of the equipment, and <u>not</u> on the basis of any value that may have existed due to the pre-paid insurance. In effect, Deere is seeking a second bite at the apple with respect to the amount of its allowed secured claim.

Section 1227(a) could not be more clear:

Except as provided in section 1228(a) of this title, the provisions of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor, such equity security holder, or such general partner in the debtor is provided for by the plan, and whether or not such creditor, such equity security holder, or such general partner in the debtor has objected to, has accepted, or has rejected the plan.[16]

Deere may be unhappy that it has borne the cost of the insurance without compensation: however, the time to raise any such objection was at the time the Court considered confirmation of the

---

[16] § 1227(a).

Case 06-80342   Doc 398   Filed 08/19/08   Entered 08/19/08 15:57:49   Desc Main
Document      Page 6 of 7

Debtors' plan. The Court will not countenance a collateral attack on a confirmation order in the guise of a request for payment of an administrative expense.

## Conclusion

The Motion for Payment of Administrative Claim – Insurance Premiums for Equipment filed by Deere and Company is denied. A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

# # #

5320.1

Case 06-80342    Doc 398    Filed 08/19/08    Entered 08/19/08 15:57:49    Desc Main
Document      Page 7 of 7